## Long et al. v. Commonwealth.

Oct. 10, 1941.

84

Tanner Ottley and J. Paul Carter for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

Opinion of the Court by Sims, Commissioner—Affirming.

Charlie Spears and Dee Long were jointly indicted by the grand jury of the Cumberland Circuit Court for the murder of Marvin Spears. Their joint trial resulted in the conviction of both for manslaughter, the jury fixing Spears' punishment at confinement in the penitentiary for five years and Long's at twelve years. Only Spears is prosecuting this appeal and in seeking to reverse the judgment he assigns as errors: 1. He was entitled to a directed verdict; 2. the court forced him into trial within four days after he was indicted; 3. names of witnesses were added to the indictment after it was returned; 4. improper argument; 5. the verdict is the result of passion and prejudice.

A moonshine still belonging to Marvin Spears was raided by officers one Sunday in October, 1940 (the exact date does not appear in the record). Marvin was of the impression that Dee Long and Charlie Spears had reported his still to the officers and soon after it was taken he drove his car to Long's home accompanied by Hack Scott and Morris Spears. Marvin was armed with a pistol and a sawed-off shotgun was in his car. They stopped in the road in front of Long's home and Marvin called for Long to come out. It was then about sundown and Charlie Spears (who with his wife and children were visiting at Long's home) and Long were at the back of the premises feeding hogs, and both went out to the car.

Marvin accused Long and Charlie of reporting his still, whereupon Long called Marvin a damn lying son-of-a-bitch, and there is some evidence that Marvin returned the compliment. The testimony is conflicting as to whether Long threatened Marvin with his pistol or whether the latter threatened to shoot Long; anyway, Scott got the shotgun from the car saying, "No two ain't going to shoot one." Long fired his pistol six times and there is some conflict as to whether Charlie shot then or held his fire until after Long emptied his pistol and went into his house for more cartridges. Charlie testified he fired twelve shots, but none of them until after Long had emptied his pistol and gone into the house; that he did not shoot at Marvin, but all of his shots were aimed at Scott because, "He was going to shoot us and I shot him." Scott threw his gun down

without firing and he and Morris ran. Marvin was shot six times, fell in the road near his car where he died, and Scott was shot in the leg and knee. There was testimony that Marvin, Scott and Morris were "pretty full" of whisky. Although a pistol was found inside Marvin's shirt, it was not fired.

While there is testimony that Charlie never fired until after Long had shot Marvin and had gone into his house, and that he had no part in the shooting of Marvin and all his shots were aimed at Scott, yet Clidel Glidewell testified that soon after the shooting Charlie told him he had killed Marvin and had shot Scott. Willie and Boss Smith testified a small gun fired first, then a large one; "It sound like two guns shooting." Scott testified, "They fussed around there, and they pulled at him, (meaning Long and Charlie pulled at Marvin) I went to the car, got the gun and said; 'No two ain't going to shoot one.'"

Defendant contends that as the evidence was conflicting as to whether or not he fired until after Long had killed Marvin and as the evidence showed that when he did fire, he shot at Scott and not at deceased, the court should have directed the jury to acquit him of aiding and abetting Long in the homicide, citing Lyons v. Com., 216 Ky. 202, 287 S. W. 534. The Lyons case holds that for one to be an aider and abettor it is necessary that he should aid either at the time or before the commission of the offense by the principal, or that he had been guilty of some overt act or some act of encouragement to the principal; that one cannot become an aider or abettor by injecting himself into the situation after the crime has been committed by the principal and after the difficulty has terminated between the other two. It was further written in the Lyons opinion that if the evidence is conflicting as to whether or not the third person fired before the combat ended between the other two, the jury should be instructed that before defendant can be convicted of aiding and abetting it must believe from the evidence that he fired while the difficulty between the other two was in progress.

The facts in the instant case distinguish it from Lyons v. Com., supra. Doll Lyons was 30 or 40 yards from the scene of the difficulty between his brother, Charles, and Heath. After Charles shot Heath and in-

flicted a fatal wound, Doll went into his house, obtained a gun and after going a short distance toward the combatants, he fired. Previously Doll had no part in the difficulty and as the evidence was conflicting as to whether or not he fired before it terminated, we said the court should have instructed that before Doll could be convicted of aiding and abetting in the killing of Heath, the jury must believe he fired while the difficulty was in progress. In the instant case when Marvin called to Long, Charlie Spears, armed with a pistol, accompanied Long to where Marvin was standing, and Marvin accused Charlie more than Long of reporting the still. According to the testimony of Scott, both Long and Charlie then pulled at Marvin and Scott got a shotgun with the remark, "No two ain't going to shoot one." This is strong evidence that Charlie was participating in the difficulty from its start.

Then too, Clidel Glidewell testified Charlie said he had killed Marvin and had shot Scott, which statement Charlie denied making. Long and Charlie were each charged in the indictment as principals and each was also charged therein as aiding and abetting the other. The court correctly instructed the jury they might convict Charlie for the killing of Marvin or of aiding and abetting Long in so doing. We cannot tell from the record whether or not the jury convicted Charlie of firing the shot which killed Marvin or of aiding Long in so doing. It cannot be said that Charlie was convicted of aiding and abetting and Long was convicted as the principal merely because Long received the severer punishment, since Section 1128, Kentucky Statutes, makes an aider or abettor equally guilty with the principal and subjects both to the same punishment. Miller v. Com., 285 Ky. 251, 147 S. W. (2d) 394.

It follows that Charlie was not entitled to a directed verdict. Nor was he entitled under the facts shown in this record to an instruction to the effect he could not be convicted as an aider or abettor if the difficulty between Long and Marvin had terminated before he fired, because under the evidence the jury was justified in finding that Charlie participated in this difficulty from the beginning.

Defendant's contention is without merit that the court erred in not granting him a continuance and thereby deprived him of a reasonable opportunity to prepare

for trial. The indictment was returned Nov. 22, and the case was set for and tried on Nov. 27. The averment in the affidavit for continuance that the defendant did not have a reasonable opportunity to prepare for trial is only a statement of defendant's conclusion and is not supported by any allegations of fact. It had been practically a month since the homicide occurred and there is nothing in the record showing defendant was not on bond until his trial. There were no intricate or complicated facts connected with Charlie's defense and in the circumstances presented by this record we cannot say the court abused its discretion in not granting the continuance. The Commonwealth consented to the reading of the affidavit of defendant's wife (an absent witness) and her testimony in this form did not differ greatly from that of the other eye witnesses. Trial judges have a sound discretion in granting or refusing a continuance and in the absence of an abuse of that discretion their rulings on such motions will not be disturbed by this court. Hill v. Com., 191 Ky. 477, 230 S. W. 910; Williams v. Com., 230 Ky. 327, 19 S. W. (2d) 964. The Hill case is quite analogous to the one at bar.

Defendant's next complaint is that after the indictment was returned names of witnesses were added thereto who had not testified before the grand jury. The record is a bit confusing, but it appears that on motion of the attorney for the Commonwealth, made in open court and in the presence of defendant and his counsel, the names of additional witnesses were written on the indictment when it was returned. However that may be, it is a well-established rule the Commonwealth is not limited to the introduction of witnesses appearing on the indictment, but it may produce any additional witnesses who may be able to furnish evidence material to the prosecution although Section 120 of the Criminal Code of Practice requires the names of all witnesses testifying before the grand jury to be placed on the indictment. Wiley v. Com., 229 Ky. 63, 16 S. W. (2d) 496 and authorities therein cited.

The bill of exceptions shows that in the course of his argument to the jury counsel employed to assist the Commonwealth said, "That if the jury gave them 21 years they would be eligible for parole in six years; and if you gave them 10 years they would be eligible for parole in 5 years." While we have many times criticised

such argument as being improper, we have held that it was not prejudicial to defendant's substantial rights. Holmes v. Com., 241 Ky. 573, 44 S. W. (2d) 592; Underwood v. Com., 266 Ky. 613, 99 S. W. (2d) 467. The verdict fixing defendant's punishment at 5 years in the penitentiary conclusively shows such argument was not prejudicial to him. The other part of the argument complained of was "That at the examining trial the buttons were on the shirt (deceased's) and was so testified on said trial." Certainly this argument could not have been prejudicial to defendant when the court sustained his objection thereto and admonished the jury not to consider it.

What has been said concerning the evidence disposes of defendant's last contention that the verdict is the result of passion and prejudice and is flagrantly against the evidence. The rule in this jurisdiction is that where there is any substantial proof to support the verdict it is not palpably against the evidence since the jury is the sole judge of the weight to be given it and of the credibility of the witnesses. Francis v. Com., 260 Ky. 590, 86 S. W. (2d) 310; Muncy v. Com., 265 Ky. 730, 97 S. W. (2d) 606.

The judgment is affirmed.