## Muncie v. Commonwealth.

October 1, 1948.

156

J. M. Wolfinbarger and John W. Walker for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Affirming.

Appellant, Gardner Muncie, a man 45 years of age, was convicted of attempting to rape a six year old girl and his punishment was fixed at confinement in the penitentiary for ten years. He asks a reversal of the judgment on three grounds: 1. The court erred in permitting the girl to testify without first having qualified her as a witness; 2. the verdict is flagrantly against the evidence; 3. that under the evidence the most he should have been convicted of was assault and battery.

The child was asked nineteen qualifying questions by the commonwealth attorney and intelligently answered all of them. She told her name, her age, her birthday, the names of her parents, the street upon which she lived, the names of her two sisters and the given and surname of appellant. When asked what would happen to her if she did not tell the truth, she replied that the "Booger-man" would get her and put her in jail. Thereupon, counsel for accused objected that the child did not qualify as a witness, which objection was overruled by the court and she proceeded to testify.

She stated that appellant was on the davenette in

her home, told her to get in his lap and "he stuck his two fingers into me," and that she cried. Asked if anything got on her "panties," she nodded. The commonwealth attorney then said to her, "Say, 'yes' if you're going to nod. Did you? A. Yes. Q. What? A. Blood." She was then asked if she took her "panties" off and put on clean ones and she replied that she did.

The child's mother, Mrs. Viola Wiseman, was away from home, having gone to take her young baby to the doctor and Loraine, prosecutrix' sister, had gone to a nearby store for milk. The prosecutrix was then asked what her mother did upon returning home and she replied, "She took me to the doctor. Q. Did he examine you? A. Yes." On cross-examination she said she did not fall the day previous to the alleged attack and hurt herself while playing.

We have many times written that there is no unalterable rule measuring the competency of a witness because of his or her age, and that the court should make inquiry into the child's qualifications and determine whether it is sufficiently intelligent to observe, recollect and narrate the facts and has a moral sense of obligation to speak the truth. If so, then the child should be allowed to testify, and it is for the jury to determine the weight to be given his or her testimony, once the court rules the child is a competent witness. Meade v. Com., 214 Ky. 88, 282 S. W. 781; Jones v. Com., 267 Ky. 465, 102 S. W. 2d 345; Leahman v. Broughton, 196 Ky. 146, 244 S W. 403; Davenport v. Com., 285 Ky. 628, 148 S. W. 2d 1054. Applying this test to the questions propounded to and answered by this six year old girl in the instant case, we find that the court did not err in ruling she was a competent witness.

Counsel for appellant vigorously complain that the court and not the commonwealth attorney should have interrogated the child relative to her qualifications as a witness. The general rule, which prevails in this jurisdiction, is that the question of the competency of a child of tender years to testify is to be determined by the court after a careful examination of the child as to age, capacity and moral accountability. Whitehead v. Stith, 268 Ky. 703, 105 S. W. 2d 834; State v. Michael, 37 W. Va. 565, 16 S. E. 803, 19 L. R. A. 605. But this does

not mean that the trial judge must himself interrogate the child, although such is the customary and better practice. In the Whitehead case, 105 S. W. 2d on page 837, we quoted from 28 R. C. L. p. 465, sec. 52 to the effect that when a young child is offered as a witness, "the trial judge, without the interference of counsel further than he may choose or allow," should examine the infant to see if he or she can qualify as a witness.

In the instant case the trial judge chose to allow the commonwealth attorney to interrogate the child. Since that attorney asked the qualifying questions properly and appropriately, after which the judge ruled the child was a competent witness, appellant cannot with good reason be heard to complain on the ground that the judge failed to interrogate the little girl. In Jackson v. Com., 301 Ky. 562, 192 S. W. 2d 480, we approved the interrogation of a child by an attorney representing the commonwealth so that the court might determine whether or not he qualified as a witness. And it was written in Thomas v. Com., 300 Ky. 480, 189 S. W. 2d 686, 687, "Certainly no definite procedural straitjacket can be outlined for the examination into the aptitude, capacity of understanding, or intelligence of the witness."

This child's testimony was corroborated by her mother, Mrs. Wiseman, who was informed of the alleged attack on her daughter immediately upon returning home. She saw blood on the child's bloomers and took her that afternoon to Dr. Tracy Wallace, who testified that his examination revealed dried blood on the child's privates, as did Mrs. Wiseman. The doctor further testified that the penetration of her privates by a man's fingers would cause bleeding, but his examination of the vulva showed no signs of violence.

Appellant testified that he had worked all of the preceding night and went to Mrs. Wiseman's home around 10 A. M. at her invitation to help her wash clothes, her brother having married his sister. That after he finished with the washing, Mrs. Wiseman told him to rest and sleep on the davenette while she took her baby to the doctor. When he awakened around 3 P. M. the children asked him for money to buy candy and upon his refusal, they started crying and he left the house with one of the children, Carol Sue, following him

up the street. He denied having the prosecutrix on his lap or of touching her or molesting her in any way.

Mrs. Wiseman denied that appellant came to her house around 10 o'clock that morning or that he helped her wash. She said he came to her home about 7 o'clock in the morning for a drink of water and she saw him no more that day. She and the accused contradicted each other on several other matters which were rather unimportant.

Appellant is corroborated by two of Mrs. Wiseman's near neighbors, Mrs. Perry Haney and Mrs. J. T. Howard, who saw him go into Mrs. Wiseman's home about 10 A. M. that day and saw him leave about 3 P. M. with Carol Sue following him up the street crying. Also, he is corroborated by the owner of the house in which Mrs. Wiseman lived, D. M. Williams. Mr. Williams testified that he called on Mrs. Wiseman about 11 o'clock that morning for the rent and appellant was engaged in washing clothes.

The question of the credibility of the witnesses and the weight to be given their testimony in criminal cases is one for the jury, which may accept the evidence of one witness or of one set of witnesses against that of another. The authorities supporting this principle are so numerous that we will content ourselves in citing only two. Carter v. Com., 278 Ky. 14, 128 S. W. 2d 214; Taylor v. Com., 301 Ky. 109, 190 S. W. 2d 1003. In the instant case the evidence is highly conflicting but there was reasonable grounds for finding accused guilty, hence it cannot be said the verdict is flagrantly against the evidence. Shepherd v. Com., 236 Ky. 290, 33 S. W. 2d 4, and the Carter case.

Counsel for appellant strenuously insist that the evidence for the commonwealth shows no attempt to commit rape and at most it can only sustain a conviction under the assault and battery instruction given by the trial judge. The authorities in defining this offense state that a specific intention to rape is an essential ingredient to an attempt to rape and must accompany the means used to effect the crime. It is not enough that accused intended to use force to accomplish his purpose but he must do some overt act connected with his intent tending and fairly designed to effectuate the commission

of the crime, so if actually accomplished, a rape would have been committed. The evidence must show acts and conduct by the accused as leave no reasonable doubt of his intention to commit rape. Robertson's Criminal Law, 2d Ed., p. 765, sec. 558; 44 Am. Jur. 917, sec. 26. Where the victim is under the age of consent, it is not necessary that in an attempt to rape the accused used force or acted against her will, since the girl is incapable of consenting and in the eyes of the law the offense is committed against her will. Nider v. Com., 140 Ky. 684, 131 S. W. 1024, Ann. Cas. 1913E, 1246.

Mere indecent advances or solicitations do not amount to an attempt to rape. It was held in Clinkscales v. State, 46 Okl. Cr. 29, 288 P. 348, that a man who put his arm around a woman in the presence of others, asked her consent to sexual intercourse but immediately desisted when she refused and told him she was sick was not guilty of attempted rape. But where a man with the intention of gratifying his lust by force entered the bedroom of a virtuous woman late at night when she was asleep and got upon her bed for the purpose of ravishing her, he is guilty of attempted rape, although he did not actually touch her. Jackson v. State, 91 Ga. 322, 18 S. E. 132, 44 Am. St. Rep. 25.

In the domestic case of Payne v. Com., 110 S. W. 311, 33 Ky. Law Rep. 229, it was said one was guilty of attempted rape where he pulled out his person, shook it at a girl and when she started to run asked her "to hold on" and advanced towards her a short distance, although he never laid hands on her. In the Payne opinion it was said that the acts of the accused showed he could have had no other intention than to ravish the frightened girl. Likewise, in the instant case we are constrained to conclude that appellant's acts show he could have had no other intention than to ravish this girl.

When the rule enunciated in the authorities just cited is applied to the facts in this case, we cannot say that the evidence could only support a verdict under the assault and battery instruction and that a verdict finding appellant guilty of attempted rape is flagrantly against the evidence. If appellant made this indecent assault upon prosecutrix, and the jury found that he did, then certainly the jury was justified in finding that

this was an overt act upon his part which showed he intended to ravish the child.

The judgment is affirmed.