Oscar **HARRIS, Jr.**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 25, 1958.

Rehearing Denied Sept. 19, 1958.

John D. Ward, Harrodsburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., Earl V. Powell, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

Appellant, Oscar Harris, Jr., was convicted of selling whiskey in dry local option territory. This was his third conviction for violation of the provisions of Chapter 242 of the Kentucky Revised Statutes. The punishment imposed was confinement in the penitentiary for one year.

It is urged as grounds for reversal (1) that appellant was denied the right granted by the state and federal constitutions to meet his "accusers" face to face; (2) that the evidence was circumstantial and did not exclude every hypothesis of innocence; (3) that the court erred in permitting a juror to leave the courtroom un-

attended by the sheriff; and (4) that the court erred in failing to set aside the swearing of the jury and continue the case after the deputy sheriff entered the jury room.

The testimony discloses that on the night the crime was committed, Trooper Sam Dexter, a state policeman, James Randolph, a deputy sheriff of Boyle County, and Grover Dearing went to the home of appellant, Oscar Harris, Jr. They parked their automobile near appellant's home and gave two marked one dollar bills to Dearing. Dearing went to the front door of appellant's home and summoned him. He walked with appellant to a fence row a short distance from where the car was parked. Appellant picked up two bottles and handed them to Dearing who, in turn, delivered the marked bills to appellant. Dearing returned to the car and handed the bottles which contained moonshine whiskey to the officers. Although this occured at night, it was shown there was sufficient light from the house to illuminate the details of this transaction. The party left and made an attempt to buy whiskey at another place. They then obtained a warrant of arrest, picked up Harris and found the marked bills in his possession.

In connection with the first contention, it is argued that since Dearing was not produced at the trial by the commonwealth, appellant was denied the right granted under Amendment VI to the Constitution of the United States and Section XI of the Constitution of Kentucky to meet his accusers face to face in a criminal trial. At the outset we invite attention to the fact that these provisions of neither constitution speak of accusers. The federal constitution grants the right to the accused "to be confronted with the witnesses against him," and the state constitution guarantees to him the privilege to "meet the witnesses face to face." The main purpose of confrontation is to insure the right of cross-examination and protect the accused from conviction by means of ex parte testimony or affidavits given in his absence. 14 Am.Jur.Criminal Law, Section 176. It is a rule concerned with the method by which evidence is produced during trial. In Aycock v. United States, 9 Cir., 62 F.2d 612, 613, certiorari denied 289 U.S. 734, 53 S.Ct. 595, 77 L.Ed. 1482, it is written:

"The constitutional right of the defendants to be confronted by the witnesses in the trial of a criminal case imposes no obligation on the government to call any specific persons as witnesses."

In the case at bar the defendant was confronted by all the witnesses the commonwealth produced. We have held that the commonwealth may produce witnesses other than those who testified before the grand jury—Merriss v. Commonwealth, 287 Ky. 58, 151 S.W.2d 1030, and Long v. Commonwealth, 288 Ky. 83, 155 S.W.2d 246—and similarly we are of the opinion that the commonwealth is not compelled to produce at the trial all witnesses who testified before the grand jury.

We cannot accept appellant's premise that all the evidence in this case is merely circumstantial. The two officers referred to above were witnesses of the sale of the whiskey by appellant to Dearing. That phase of the case where marked bills were used in the sale and later found on appellant's person is circumstantial to some extent but we believe that the testimony of the officers about witnessing the sale was sufficient in itself to justify the court's submission of the case to the jury.

Appellant next contends that it was reversible error to permit a juror to leave the courtroom for the purpose of using the telephone. This was the incident: Near the end of the trial, during a short recess, and before the jury had been instructed, the court notified one of the jurors that some one at his place of business wished to talk to him on the tele-

phone. The juror went to the nearest telephone available, in the office of the county engineer, and talked to a Mr. Edward Coyle in regard to obtaining a veterinarian for a sick cow on the juror's farm. The juror stated by affidavit that this was the only subject of conversation.

It is provided by Section 244 of the Criminal Code of Practice that in trials of offenses which may be punished capitally or by life imprisonment, the jurors shall not be permitted to separate. If this were such a case, perhaps appellant would have some sound basis for the argument. See Wells v. Commonwealth, 313 Ky. 371, 231 S.W.2d 30. In any event, we have been unable to find in the record where any objection was made by appellant at the time and the brief gives us no record citation on this point. Bowman v. Commonwealth, Ky., 290 S.W.2d 814.

The contention that a deputy sheriff improperly entered the jury room involved an issue of fact. Affidavits were filed stating that on two occasions the deputy sheriff entered the room and closed the door, and, on one occasion, remained in the room several minutes. Counter-affidavits also were executed which disputed this statement of fact. Thereupon the court interrogated each witness concerning the incident and their testimony is in the record. It is manifest that the jury had been in the room only a very short time, had not begun deliberation and had not chosen a foreman when the deputy sheriff entered the room. He stated that he wanted to get some coats and hats. He took them out and then almost immediately returned and got more coats and hats. The jurors all stated that he said nothing whatever about the case and that they, the jurors, did not discuss the case with the deputy sheriff. We think the court properly overruled the motion to discharge the jury.

We have concluded that appellant had a fair trial and the judgment is therefore affirmed.