Elias MOORE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 4, 1964.

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellant.

Robert Matthews, Asst. Atty. Gen., Frankfort, F. E. Wood, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of attempting to rape an eight-year-old child and his punishment fixed at confinement in prison for five years. KRS 435.080(2). Reversal of the conviction is asked on the grounds that the court erred: In permitting the jury to hear incompetent and prejudicial testimony; in instructing the jury, and in permitting the Commonwealth's attorney to make an improper closing argument to the jury.

When the Commonwealth called the child as a witness the appellant objected to her testifying on the ground she did not have sufficient intelligence. To test her qualifications she was questioned as follows:

"Court: Do you understand that the things you tell that you are telling them in the presence of our Lord and you are supposed to now swear that what you tell is the truth and you are asking him to bear witness to the truth, and so long as you tell the truth you don't care who hears you.

"Mr. Burns: [Commonwealth's Attorney] You know what it means when you swear to tell the truth, don't you?

"Witness: No.

"Mr. Burns: You know you are swearing to God that what you tell is the truth, don't you? Do you know that? Do you know when you swear to God you will tell nothing but the truth, do you know that?

"Witness: Yes.

"Mr. Burns: When you held your hand up and Judge Dixon asked you to tell the truth and nothing but the truth, did you mean that you would tell nothing but the truth?

"Witness: Yes."

At the conclusion of this brief inquiry the judge permitted her to testify.

When the competency of an infant to testify is properly raised it is then the duty of the trial court to carefully examine the witness to ascertain whether she (or he) is sufficiently intelligent to observe, recollect and narrate the facts and has a moral sense of obligation to speak the truth. Muncie v. Commonwealth, 308 Ky. 155, 213 S.W.2d 1019; Roberson's New Criminal Law & Procedure, section 567, pp. 775 to 777. In the instant case the examination of the child was so superficial that no accurate appraisal of her mental capacity could be made. The questions propounded to her on voir dire examination should have elicited answers which would demonstrate her ability to observe, recollect and truthfully narrate the facts. Her subsequent testimony in chief being primarily monosyllabic responses to leading questions is of little assistance in determining her competency as a witness. We therefore conclude that upon this record the trial court erred in permitting her to testify. By this conclusion we do not foreclose the possibility that, upon a retrial, this child may be shown to be a competent witness by a careful examination. Muncie v. Commonwealth, supra.

The indictment alleged that the offense was committed on or about August 3, 1963. A witness, who had testified on direct examination that she was present when the child was sexually assaulted, in response to a question asked on cross-examination as to the date of the offense, stated "it happened every day." Counsel for appellant objected and requested the court to declare a mistrial. The court overruled the objection and directed the witness to answer the question. This testimony was competent as showing appellant's lust for the child but it was the duty of the court to admonish the jury that such testimony could only be considered as corroborative evidence. Ashcraft v. Commonwealth, Ky., 317 S.W.2d 179.

Appellant contends that he was entitled to a directed verdict of acquittal.

There is no basis for this contention as there was positive testimony that appellant sexually molested the infant.

Appellant's contention that the Commonwealth's Attorney made an improper closing argument to the jury cannot be considered on the appeal since the record does not contain the argument or any objections thereto.

The judgment is reversed with directions to grant appellant a new trial.