Charles Edward **THOMAS**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 10, 1967.

John W. Palmore, George T. Ross, Thomas D. Shumate, Richmond, for appellant.

Robert Matthews, Atty. Gen., Darryl T. Owens, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

This is an appeal from the conviction of appellant, Charles Edward Thomas, of voluntary manslaughter and as an habitual criminal.

On June 26, 1965, appellant, age 28, cut and mortally wounded William Boyd Reynolds with a knife while they were engaged in a fight near a beer tavern in Richmond.

This appeal is predicated on several grounds, the first of which is that the evidence of appellant's convictions of prior

felonies should not have been injected into his trial for voluntary manslaughter. Appellant contends that he should have been tried solely on the merits of the substantive charge of voluntary manslaughter and then, if a verdict of guilty were returned, be tried on the habitual criminal charge—that the latter should affect the penalty, not the issue of guilt or innocence. This question has been settled recently in favor of the Commonwealth in Wilson v. Commonwealth, Ky., 403 S.W.2d 705 (1966), and by a five to four opinion of the U. S. Supreme Court in Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), where the majority opinion said in part: "To say that the two-stage jury trial on the English-Connecticut style is probably the fairest, as some commentators and courts have suggested, and with which we might well agree were the matter before us in a legislative or rule-making context, is a far cry from a constitutional determination that this method of handling the problem is compelled by the Fourteenth Amendment." The four dissenting justices thought that the present Texas (and Kentucky) method of trying recidivist cases went to the very heart of fair trial and violated constitutional due process.

■ It is argued that the evidence does not support the verdict of voluntary manslaughter since the prosecution offered no evidence to controvert appellant's claim of self-defense. While it is true that uncontradicted positive testimony may not be arbitrarily disregarded, such proof may be overcome by circumstantial evidence. Montague v. Commonwealth, Ky., 332 S.W.2d 543 (1960). Here the circumstantial evidence is sufficient. Appellant testified that the deceased was unarmed, and it is well established that even if deceased had hit appellant first, appellant should not strike back with a knife unless he had reasonable grounds to believe that it was necessary in order to protect his life or prevent great bodily injury. Shepperd v. Commonwealth, Ky., 322 S.W.2d 115 (1959).

Appellant testified that deceased was choking him with one hand while hitting him with the other. A jury might well infer that deceased was not trying to choke appellant to death and that appellant, instead of trying to break away, was busy getting out his pocket knife. It might be noted that a police station was 75 to 100 feet away from the fight. At least one of appellant's friends was at the scene of the fight, and apparently he didn't think that appellant's life was in immediate danger for he did not go to his aid. The same friend also testified to the effect that deceased was choking appellant for only a few seconds before appellant stabbed him, which indicates that appellant's life at the time was not in danger. Appellant testified that he had black marks all the way around his neck from the choking, but he did not introduce any pictures to substantiate his allegation. Pictures of his swollen jaw taken the next day also showed that his neck was swollen but showed no signs of any marks. Testimony that the deceased had been cut and stabbed seven times was also considered by the jury.

■ Appellant contends that it was error for the court to admit two dying declarations allegedly made by the decedent to two police officers. Since these declarations showed only that appellant stabbed deceased, and appellant had admitted that fact, he was not prejudiced even if their admission should have been denied.

■ The Commonwealth, in attempting to establish guilt under the Habitual Criminal Act, KRS 431.190, alleged that appellant had been convicted and sentenced for five felonies. Appellant argues that he was convicted and sentenced on four of the counts on the same day; that only one of the convictions and sentences should have been read to the jury since they were not progressive, and that the reading of all four was redundant and intended only to prejudice the minds of the jury. There is no limit on the number of prior progressive felony convictions that may be introduced. McGill v. Commonwealth, Ky., 365 S.W.2d

470 (1963). Since the jury was instructed to consider prior convictions only for the purpose of fixing punishment, and it found that appellant had been convicted of two prior progressive felonies, the allegations of the other non-progressive felonies were mere surplusage.

 Appellant also contends that since he was convicted of the fifth felony on October 27, 1958, but not sentenced until February 1960, the delay deprived the court of jurisdiction and, therefore, the conviction and sentence were void and thus not usable by the Commonwealth for the purpose of the Habitual Criminal Act. Even if the delay in sentencing were unreasonable the validity of the conviction would not be affected, although the court might have lost jurisdiction over the prisoner to sentence him. Green v. Commonwealth, Ky., 400 S.W.2d 206 (1966); 97 A.L.R. 802 (1934). Since the Habitual Criminal Act calls for a showing of prior convictions, the evidence in regard to the 1958 conviction was admissible.

Appellant urges that the court erred in allowing the court reporter to go home after the case was submitted to the jury. During their deliberations the jury had requested that the record be read as to how one of appellant's witnesses testified in regard to a time element. Since the reporter had left, the court told them that they would have to work that out for themselves. Appellant could not have been prejudiced by this since the particular time element was insignificant, and the witness had not testified one way or the other in regard to it.

It is alleged that after the jury had returned the verdict they were then excused and they started leaving the jury box. The court then called the jury back to fix a sentence, which they did, sentencing appellant to life in prison. Even if this procedure were improper, since the jury had already found appellant guilty under the Habitual Criminal Act which calls for mandatory life sentence, appellant was not prejudiced.

Mercer v. Commonwealth, Ky., 330 S.W.2d 734, 99 A.L.R.2d 1 (1960).

Appellant contends that each instruction should have contained a "beyond reasonable doubt" clause. Instruction No. 6 is quoted as follows:

"6. Unless the defendant has been proved guilty beyond a reasonable doubt, you will find the defendant not guilty."

Instructions are sufficient if, when read together and considered as a whole, they submit the laws applicable to the facts in a form capable of being clearly and easily understood. Turner v. Commonwealth, Ky., 328 S.W.2d 536 (1959). The instructions as given were satisfactory.

The judgment is affirmed.

All concur.