Charles E. THOMAS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 25, 1968.

As Modified on Denial of Rehearing
Feb. 14, 1969.

James E. Thompson, Shackelford, Burnam & Thompson, Charles R. Coy, Coy & Coy, Richmond, for appellant.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Charles E. Thomas appeals from an order overruling his RCr 11.42 motion to vacate a judgment imposing upon him imprisonment for life. An appeal was prosecuted from the original conviction which he now seeks to vacate. See Thomas v. Commonwealth, Ky., 412 S.W.2d 578. Thomas urges that: (1) The conviction must be set aside, since it was based in part upon a prior conviction in which he was denied the right to counsel at the time of his sentencing; (2) there was inadequate representation by counsel at the original trial; (3) undue publicity prevented a fair trial; (4) he was held incommunicado without counsel during the hours immediately following his arrest; (5) a material part of his trial was held in his absence; and (6) the Habitual Criminal Act under which he was convicted denies due process because of the unwarranted prejudice against an accused on account of his past convictions.

In his motion appellant asserted that one of the prior convictions upon which the habitual criminal life sentence was based was void. It appears that in 1958 appellant was convicted of storehouse breaking. His attorney timely filed a motion for new trial accompanied by a motion for probation. Those motions were filed on October 27, 1958, and were overruled on February 26, 1960, at which time the court entered judgment and pronounced sentence. Appellant filed his own affidavit and the affidavit of the attorney who represented him in the storehouse breaking trial in 1958. In his own affidavit the appellant recited that following his conviction of storehouse breaking in 1958 he was admitted to bail while his motion for new

trial and motion for probation were pending; that on February 26, 1960, he was brought before the trial judge and asked whether he had any legal cause to show why the judgment should not be pronounced against him. He avers in the affidavit that he called the judge's attention to his pending motions and stated that he had had no hearing on them and did not have his counsel present with him for the reason that he had had no notice that he would be called in for pronouncement of judgment. The affidavit relates that appellant's request for permission to telephone his attorney and have him present was peremptorily denied and that he was sentenced without the presence of his attorney. The attorney's affidavit showed he had no independent recollection of having been present, nor could he find any "indication" from the records in his office that he had attended the proceedings on February 26, 1960.

Appellant relies on Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, and Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 336, but we do not regard those decisions as dispositive of the question at bar. In Burgett the Supreme Court reversed a Texas conviction in a recidivist proceeding when it was made to appear that one of the prior convictions used to enhance the punishment had been obtained when the defendant was not represented by counsel at his trial. The objection in the Burgett case was raised in the very recidivist proceeding, not in a "flank attack" in a postconviction proceeding. In Gayes v. New York, 322 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962, the Supreme Court ruled that claimed infirmities in prior convictions must be raised in the recidivist proceeding and that failure to raise them precludes a "flank attack" by independent proceedings. We have adhered to that principle as recently as Copeland v. Commonwealth, Ky., 415 S.W.2d 842. We find nothing in Burgett to warrant the present attempted "flank attack" on a prior conviction.

█ In Mempa the Supreme Court dealt with sentencing as a critical stage of the trial and held that the accused has a constitutional right to counsel at a sentencing hearing. In Mempa, however, under the procedure prevailing in the State of Washington, the defendant had been placed on probation for a period of two years, and the imposition of sentence had been deferred during the probationary period. It was when the defendant was brought before the court for a determination of whether his probation should be revoked and sentence imposed that it was adjudged that he should have been afforded counsel. The net effect of the Mempa ruling was to relieve that defendant from the burden of the sentence until such time as he could have a hearing with counsel as to whether his probation should be revoked. Mempa does not hold that the *conviction* was constitutionally infirm. In Kentucky the sentencing is not a critical stage of the trial, because the trial judge has no discretion as to the extent of punishment to be meted out. See Collins v. Commonwealth, Ky., 433 S.W.2d 663, decided November 1, 1968, and McIntosh v. Commonwealth, Ky., 368 S.W.2d 331. More importantly, our Habitual Criminal Act, KRS 431.190, is predicated upon prior *convictions*. We have specifically held that a previous conviction for which no sentence was imposed is nevertheless a conviction within the purview of the Habitual Criminal Act. Winn v. Commonwealth, Ky., 303 S.W.2d 275. It follows, therefore, that absence of counsel at the time of sentencing on a prior conviction in Kentucky is no basis for attack on the efficacy of that prior conviction as it relates to the application of the Habitual Criminal Act.

█ Appellant was represented upon his original trial in the circuit court and before this court by competent employed counsel. They exhibited professional acumen and diligence in defense of the appellant, but he is now severely critical of what he deems to be errors of omission and commission on their part. As recently as Dorton v. Commonwealth, Ky., 433 S.W.2d 117, decided October 4, 1968, we re-

iterated our view respecting post-conviction complaints about the quality or quantity of legal representation afforded the accused on his orginal trial. Manifestly, it is rather easy, in retrospect, to suggest that some other course or tactic would have produced different or better results. The difficulty is that there is no assurance that different results would have been reached even if the newly-suggested tactics had been pursued. We shall not detail the claimed ineffectiveness of counsel as it suffices to say that our examination of the original trial record, the proceedings in this court on the original appeal, as well as the record compiled upon the 11.42 hearing, convinces us that this appellant has fallen far short of substantiating his charge of ineffective representation by counsel. Penn v. Commonwealth, Ky., 427 S.W.2d 808; Rice v. Davis, Ky., 366 S.W.2d 153.

As respects the claim of the denial of a fair trial because of undue publicity, reliance is had upon Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543; Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600, and cases of like effect. There was a complete absence of proof to substantiate the charge that any inordinate publicity tainted the atmosphere surrounding the original trial. The few news items presented in evidence at the 11.42 hearing simply do not impress us as remotely suggesting a "trial by newspaper," nor do they tend to arouse public indignation.

It was shown that the accused was arrested and held in jail for about thirteen hours without being permitted to consult a doctor. The accused testified that he also demanded to see an attorney, but this evidence was disputed and created a factual issue which the trial judge resolved against the appellant. A police officer testified that the accused did not seek an attorney and declined to be questioned and was not questioned. Certainly, no evidence relating to anything said by the accused during the period of incarceration was offered against him. We find no merit in this contention.

Appellant complains that a "material portion of his trial was conducted in his absence." What he refers to is a conference in the trial judge's chambers at which his own counsel and the prosecuting attorney were present and at which certain legal questions were argued. When asked how he supposed he could have assisted counsel at that hearing, the accused explained that he would have pointed out to his lawyers that the victim of his stabbing had been convicted of felony, thus permitting impeachment of a dying declaration made by the victim. The dying declaration was not of material significance, in that it showed only that the accused had stabbed the decedent—a fact which the accused admitted. Powell v. Commonwealth, Ky., 346 S.W.2d 731, as well as many other cases which might be cited, teach that the accused in a felony case must be present in person through every stage of the trial, but as appellant concedes, Harris v. Commonwealth, Ky., 285 S.W.2d 489, recites that the presence of the accused is not required during consultation or other preliminary proceedings which do not affect the question of his guilt or innocence. We think the rationale of Harris v. Commonwealth, supra, is applicable to the case at bar. Therefore, there is no merit in the contention that he was denied a fair trial by reason of his absence at the preliminary hearing in chambers.

The final assault upon the conviction is a renewed contention that the recidivist procedure followed in Kentucky amounts to a denial of due process. This same argument was strongly urged in the original appeal of this case, but it was rejected. Thomas v. Commonwealth, Ky., 412 S.W.2d 578. See also Wilson v. Commonwealth, Ky., 403 S.W.2d 705, and Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606. The court is

**516**

not inclined to depart from the rule announced in the just-cited cases.

Our examination of this entire record convinces us that the accused has had a fair trial with effective assistance of counsel and a complete hearing of his attacks upon the conviction. We are equally convinced that the trial judge properly over ruled the RCr 11.42 motion to vacate.

The judgment is affirmed.

All concur except PALMORE, J., not sitting.