**Charles E. THOMAS, Petitioner,**

v.

**James F. HOWARD, Warden, Kentucky State Reformatory, Respondent.**

**No. 2128.**

United States District Court,
E. D. Kentucky,
Lexington Division.

May 1, 1970.

Charles E. Thomas, pro se.

John B. Breckinridge, Atty. Gen., of Kentucky, Frankfort, Ky., for respondent.

## MEMORANDUM

SWINFORD, District Judge.

The petitioner, Charles E. Thomas, presented to the United States District Court for the Western District of Kentucky at Louisville an affidavit of poverty, a motion to proceed in forma pauperis and a petition for a writ of habeas corpus. His petition for a writ of habeas corpus was transferred to this court and on March 11, 1970, it was ordered that he be allowed to proceed in forma pauperis pursuant to 28 U.S.C. section 1915.

Petitioner is presently serving a life sentence in the Kentucky State Reformatory at La Grange, Kentucky, following a conviction on May 12, 1966, of voluntary manslaughter and of being a habitual criminal. An appeal from these convictions. was prosecuted and the trial court was affirmed on March 10, 1967. Thomas v. Commonwealth, Ky., 412 S.W. 2d 578. In June of 1967 the petitioner's motion to vacate sentence was overruled by the Madison County Circuit Court and the Kentucky Court of Appeals affirmed the denial of relief on February 14, 1969. Thomas v. Commonwealth, Ky., 437 S.W. 2d 512.

Thereafter on May 10, 1969, the petitioner applied to the United States Supreme Court for certiorari. Pending consideration of that application the petitioner commenced an action in this court on June 23, 1969, for a writ of habeas corpus which was denied on September 26, 1969, for the reason that the action initiated in the Supreme Court had not been completed. The petition for writ of certiorari was denied by the Supreme Court on February 27, 1970. 396 U.S. 956, 90 S.Ct. 949, 25 L.Ed.2d 142.

The petitioner's application for writ of habeas corpus is now before this court for consideration on the merits. Three major contentions are raised in the petition: (1) that Kentucky's procedure for invoking the death penalty is unconstitutional; (2) that Kentucky's habitual criminal procedure is unconstitutional; and (3) that the petitioner's habitual criminal conviction is unconstitutional because the prior convictions were obtained in contravention of the sixth amendment.

■ The first contention that the petitioner raises is not reasonably connected with the facts of the case. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, is cited as authority for petitioner's position. In Jackson the challenged statute was held invalid because it unjustly encouraged an accused charged with a capital crime to forego his sixth amendment right to a jury trial. The petitioner in this case, on a plea of not guilty, was afforded a complete jury trial as ordained by the sixth amendment and cannot, therefore, have standing to attack the constitutionality of RCr 9.84, which supersedes KRS 431.130, on the grounds that it is violative of the sixth amendment. Petitioner's argument, although inscrutably convoluted, seems to assert that the Kentucky death penalty procedure unduly restricts a defendant's plea bargaining power because it makes it mandatory for all of those charged with a capital offense to undergo a jury trial. Such an assertion does not raise a question of constitutional proportions. The petitioner does not have standing to attack the death penalty procedure for he has not shown how its processes have infringed upon his constitutional rights.

■ The petitioner's second contention was scrutinized by the Kentucky Court of Appeals on review of the original conviction and found to be untenable. Thomas v. Commonwealth, Ky., 412 S.W. 2d 578 (1967). It is claimed the Kentucky habitual criminal procedure denies due process for the reason that evidence of the prior convictions can be injected into the trial on the substantive charge. It is a principle of criminal law that the determination of an accused's guilt or innocence should not be affected by evidence of prior criminal convictions; that subsequent criminal conduct should not be inferred from past bad acts. The petitioner contends the evidence used to convict him of recidivism should have been excluded from the trial on the question of voluntary manslaughter as it unfairly prejudiced the presumption of innocence.

The Supreme Court concluded in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1966) that although the single stage jury trial method used for trying recidivist cases (as used in Kentucky) may not be the fairest, it does not violate constitutional due process. The court noted that the defendant's interests are protected in such a situation by the discretionary powers of the trial judge to exclude particularly prejudicial evidence. The record of this case shows that each juror assured under oath that he understood the prior convictions had no connection with guilt or innocence on the principal charge and shows that the jury was instructed by the trial court in accordance with those assurances. It is not within the domain of this court at this juncture to weigh the virtues of the procedure by which the petitioner's conviction was obtained. Despite whatever merit the petitioner's contention may have it does not, according to Spencer v. Texas, exhibit a constitutional violation of due process and cannot be considered for a writ of habeas corpus.

■ The final contention on which the petitioner urges the issuance of a writ of habeas corpus is that the prior convictions used to enhance his punishment were unconstitutional. Petitioner alleges he was denied assistance of counsel for those cases and that the convictions being unconstitutionally obtained, they should not have been used to convict him under the habitual criminal statute. The trial record shows that the judgments of October of 1956 for storehouse breaking and forgery were ordered by the court following pleas of guilty on the advice of counsel. The record further shows that the petitioner was represented by counsel on the 1958 indictment of storehouse breaking and entered a plea of guilty. The petitioner cannot in good faith attack the validity of those convictions on the ground that he, was denied counsel for the record clearly shows that his guilty pleas were made on the advice of retained and court appointed attorneys.

The petitioner has not alleged facts showing that he is in custody in violation of the constitution or laws of the United States. The petition should, therefore, be dismissed. An order in conformity with this memorandum is this day entered.