**Sergio STINCER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

June 12, 1986.

Rehearing Denied Aug. 7, 1986.

Mark A. Posnansky, Asst. Public Advocate, Louisville, for appellant.

David L. Armstrong, Robert W. Hensley, Atty. General's Office, Frankfort, for appellee.

STEPHENS, Chief Justice.

Appellant was convicted by a jury in the Christian Circuit Court of sodomy in the first degree. He was sentenced to twenty (20) years imprisonment.

Of primary thrust on this appeal is appellant's contention that he was denied his right to confrontation, under the Sixth Amendment of the United States Constitution and Section Eleven of the Kentucky Constitution, when the trial court excluded him personally from a pre-trial hearing to determine whether the child prosecuting witnesses were competent to testify. We agree with appellant's argument and reverse on that ground.

Appellant was indicted in the Christian Circuit Court and charged with the first degree sodomy of an eight year old girl, a seven year old girl, and a five year old boy. During an in chambers hearing held prior to trial the Commonwealth sought dismissal of the charge in regards to the five year old on the grounds that the child was incompetent to testify. After granting that motion, the trial court prepared to conduct a hearing to determine if the two remaining prosecuting witnesses were competent to testify. At that time appellant specifically voiced his desire to be present personally during the competency hearing. Over defense counsel's objection, the trial court overruled his request and excluded appellant from the hearing.

Kentucky courts have continually recognized the right of the defendant to be present at every phase of the trial. *Powell v. Commonwealth*, Ky., 346 S.W.2d 731 (1961). In addition to the right of confrontation provided by the Sixth Amendment to the United States Constitution, the Eleventh Section of the Bill of Rights of the Kentucky Constitution guarantees the accused in a criminal prosecution the right to be heard by himself and counsel and to meet the witnesses (against him) face to face. The main purpose of the confrontation rule, under both the Sixth Amendment and Kentucky's Bill of Rights, is to ensure the defendant's right to cross-examine the witnesses against him at trial.

In this case there is no question that the competency hearing was a crucial phase of the trial and that appellant had the absolute right to be present and be represented by counsel. The determination of whether the child witnesses could testify was critical to the prosecution's case, as their testimony comprised the gravamen of the charges against appellant Stincer.

Unlike the situation presented in *Harris v. Commonwealth*, Ky., 285 S.W.2d 489 (1956), where the accused waived his right to be present during the preliminary examination of proposed witnesses by his failure to assert the privilege, appellant Stincer vociferously requested to be present at the

hearing to assist his counsel with cross-examination of the prosecuting witnesses. Appellant clearly asserted and was denied his constitutional right to meet the witnesses face to face.

The Commonwealth maintains that it was not error for the prosecuting witnesses to be examined for their competency outside appellant's presence when appellant's counsel was present on his behalf. We are urged to adopt the proposition that the criminal defendant himself does not have the right to attend in chambers examinations held to determine the competency of child witnesses, *Moll v. State*, 351 N.W.2d 639 (Minn.App.1984). This we decline to do.

Previously this court held in *Thomas v. Commonwealth*, Ky., 437 S.W.2d 512 (1969) and *Harris, supra*, that a criminal defendant's right to be present in person did not extend to the reception of "legal arguments." However, a preliminary hearing to determine the competency of a prosecuting witness to testify certainly can not be termed the reception of purely legal argument as discussed in *Thomas* and *Harris, supra*, and therefore we find those cases distinguishable and that general proposition inapplicable in this case.

■ A criminal defendant has the right to attend hearings to determine the competency of witnesses. The trial court's determination of whether the prosecuting witnesses could testify was pivotal. Because the children's testimony was sine qua non to the prosecution's case, appellant's trial might not have taken place had the trial court determined that the children were not competent to testify.

Although this court recognizes the problems and pressures encountered when dealing with child witnesses, when a defendant is placed on trial by the state for criminal conduct he is entitled to be present and to assist his counsel at hearings to determine the competency of witnesses against him.

Appellant also contends that the trial court erred in refusing to direct a verdict of acquittal, in ruling that a four year old child witness was competent to testify and in allowing state social workers to care for the prosecuting witnesses during a trial recess. While none of these issues constitute reversible error, we shall briefly address each for purposes of retrial.

■ After carefully reviewing the testimony at trial, we determine that the trial court correctly found the evidence in the case to be sufficient to withstand a motion for a directed verdict of acquittal. At trial the child witnesses identified appellant and the acts perpetrated against them. Appellant was then accorded his right to cross-examine the witnesses. The evidence presented was clearly sufficient to withstand appellant's motion for a directed verdict of acquittal and it was not unreasonable for the trial court to do so. *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 at 533 (1977).

■ Likewise, we find no merit in appellant's contention that the trial court erred in ruling that a four year old witness, Eric Tandy, was competent to testify. The trial judge is in the unique position to observe witnesses and to determine their competency. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR 52.01. The trial court questioned Eric Tandy in depth and the record on appeal does not substantiate appellant's claim that the trial court's ruling was clearly erroneous.

■ Finally, appellant contends the trial judge abused his discretion by allowing state social workers to care for the child witnesses during a trial recess. Prior to placing the children in the care of the social workers, the trial judge properly admonished the social workers to refrain from discussing the case during lunch with the children. Although this court does not condone or encourage this practice, as the record is silent on this issue, this court declines to speculate as to the effect of the social workers brief supervision of the children. We cannot hold the trial judge

abused his discretion in permitting social workers to care for child witnesses during a luncheon recess.

We therefore reverse the judgment of the trial court on the ground that appellant was denied his right to confrontation by the trial court's ruling that he be excluded from a pre-trial competency hearing.

STEPHENS, C.J., and GANT and VANCE, JJ., concur.

STEPHENSON, J., concurs in a separate opinion and is joined by LEIBSON, J.

WINTERSHEIMER, J., dissents in a separate opinion and is joined by WHITE, J.

STEPHENSON, Justice, concurring.

I agree with the majority opinion. However, it should be extended so as to mandate that the competency-to-testify proceeding by the trial court be held in open court and before the jury. It is the province of the trial court to ascertain whether the child is sufficiently intelligent to observe, recollect, and narrate the facts and has a moral obligation to speak the truth. *Moore v. Commonwealth*, Ky., 384 S.W.2d 498 (1964). However, this inquiry is important to the jury in evaluating the credibility of the child's testimony.

Further, I believe it highly improper in a hearing to determine competency to testify to inquire into substantive testimony, as was done here with one of the child witnesses. Conducting this hearing before the jury would eliminate the temptation to hear substantive testimony about the case.

LEIBSON, J., joins in this concurring opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because the right of confrontation was not violated when the defendant was excluded from the competency hearing prior to trial. The majority decision misapplies and over extends the right to confrontation.

There never was at common law any recognized right to an indispensable thing called "confrontation" as distinguished from cross-examination. *See* Wigmore on Evidence § 1397 (Chadbourn Revision 1979).

The in-chambers hearing to determine the competency of child witnesses is not a critical stage of the proceedings related to the ultimate question of innocence or guilt. The competency determination is one which rests in the discretion of the trial judge. It is the responsibility of the trial judge to examine the witness to ascertain capacity. *See Muncie v. Commonwealth*, 308 Ky. 155, 213 S.W.2d 1019 (1948). Reserving discretion to the trial judge to exclude the defendant does not interfere with the right of the accused to confrontation because if the child witness is determined to be competent, the defendant will have an ample opportunity to fully assist counsel in the right of cross-examination in open court before the jury. A defendant does not have an absolute right to attend the proceedings when his presence would be useless or the benefit but a shadow. *See Snyder v. Massachusetts*, 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934).

It should be recognized that many children as well as adults are intimidated by the technical legal process. I agree with the Minnesota Court of Appeals when it said that children of sexual abuse have enough difficulty testifying in open court without the added burden of the possibility of an in-chambers intimidation factor arising from the presence of the defendant. *See Moll v. State*, Minn.App., 351 N.W.2d 639 (1984).

In addition to consideration of fairness to all, the burden of the young sex victims should be made lighter and not more onerous, not only to insure that the abusers are fully prosecuted but to aid in the victim's recovery from this traumatic experience. *Moll, supra.*

In *State v. Braggs*, Tenn.Crim.App., 604 S.W.2d 883 (1980), it was held that an examination of a child outside of the defendant's presence was harmless error. In that case, defense counsel was allowed to ques-

tion the child in open court concerning her competency. Here, defense counsel examined the children as to their competency before the jury.

Section 11 of the Kentucky Constitution permits an accused to meet the witnesses face-to-face. The principal purpose of the confrontation rule is to insure the right of cross-examination and to protect the defendant from conviction by means of ex parte testimony given in his absence. *See Harris v. Commonwealth*, Ky., 315 S.W.2d 630 (1958). The witness confrontation rule concerns the method by which evidence is presented to the jury during the trial.

The essential purpose of the right of the accused to confront the witnesses against him is to secure the opportunity of cross-examination which cannot be had except by the direct and personal putting of questions and the obtaining of immediate answers. This right is basically a trial right and includes the right to cross-examine and the right of the accused to have the trier of fact weigh the demeanor and credibility of the witnesses against him. See 21A Am. Jur.2d § 720 *Confrontation, Criminal Law;* Wigmore on Evidence § 1395 et seq., *Purpose and Theory of Confrontation.*

The common law right to confrontation is not without certain well recognized exceptions. Such exceptions may be enlarged from time to time if there is no material departure from the reason underlying the constitutional mandate guaranteeing to the accused the right of confrontation.

The right to be confronted by the witnesses relates only to the actual trial for the commission of the offense. A witness's testimony from a prior preliminary hearing may be admissible against the defendant provided the confrontation clause of the Sixth Amendment is not violated. *See* 21 Am.Jur.2d § 723.

The presence of the accused is not necessary during preliminary proceedings which do not affect the question of his guilt or innocence. *See Harris v. Commonwealth, supra; Hoskins v. Commonwealth*, 188 Ky. 80, 221 S.W. 230 (1920).

The purpose of a competency hearing is to determine the appropriateness of the testimony from a witness who is under some disability. Such a hearing does not directly relate to the innocence or guilt of the accused but only to the propriety of admitting the testimony of a witness to the jury. The jury is the trier of the ultimate fact of innocence or guilt.

It is a maxim of Kentucky law that the courts must be careful to preserve the right of a defendant to be present at every stage of the trial, beginning with the swearing of the jury and ending with the return of the verdict. Obviously, the defendant is not entitled to be in the jury deliberations, consequently there are other proceedings which he may not be entitled to be present. The better definition of this marvelous legal phrase is that the defendant is entitled to be present at all phases of the trial which have a direct relationship to a determination of guilt or innocence by the trier of fact.

Clearly the jury as trier of fact witnessed both the direct examination and the cross-examination. They were able to reach a verdict based on the evidence presented to them. It is not appropriate that this Court disturb that verdict. There is no demonstration of prejudice to the accused in this case.

The Sixth Amendment to the Federal Constitution adopted in 1787 requires that in criminal prosecutions the accused shall have the right to confront the witnesses against him. Kentucky, as well as almost every state in the nation, has a similar provision. If literally applied, such requirements would prevent entirely the use for the prosecution of former testimony, dying declarations, public records or other evidence coming under the traditional exceptions to the hearsay rule. They have not been literally applied.

In the late 1700's when these provisions were first included in the American Bill of Rights, the general rule against hearsay had been accepted in England for a hundred years, but it was equally well established that the former testimony taken in

the presence of the accused and subject to cross-examination was received against him if the witness was dead or unavailable. It seems very probable that the purpose of the American provisions for confrontation was to guarantee the maintenance in criminal cases of the hard-won principle of the hearsay rule without abandoning the accepted practice of using former testimony given subject to cross-examination. It forbade the practice of using depositions taken in the absence of the accused which had been much complained of and was later abandoned by the English system and forbidden by statute.

As stated by Justice Cardozo in *Snyder, supra,* 291 U.S. at 114, 54 S.Ct. at 335, 78 L.Ed. at page 682, "A fertile source of perversion in constitutional theory is the tyranny of labels." The phrases "right to confrontation" and "right to be present at every stage of the trial," must be applied in such a way as to produce a fair result. The right to be present and the right to confront does not confer a right to intimidate. It is the duty of the court to balance the rights of the accused with those of the victim. I believe that the sound discretion of the trial judge is the best barometer to determine fairness. A competency examination of a child witness is within the particular responsibility of the trial judge. In the absence of abuse of discretion or prejudice to the accused, I believe a reviewing court should not disturb the decision of the trial judge. Consequently, I would affirm the conviction.

WHITE, J., joins in this dissent.