## STATE v. CLARENCE WAYNE FARRAR.

136 N. W. (2d) 68.

June 11, 1965—No. 39,434.

*Thomas J. Murphy,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, *John C. Arko,* County Attorney, and *David Naughtin,* Assistant County Attorney, for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a judgment of conviction of the crime of burglary in the third degree.

On August 2, 1963, defendant appeared before the Honorable C. G. Anderson, a special judge of the municipal court of the village of Hibbing, on a charge of passing some bad checks. He was given a 30-day sentence to the work farm.

On August 5, 1963, defendant was charged with the crime of burglary in the third degree alleged to have been committed on July 24, 1963. He was brought before the municipal court of Hibbing on August 9 upon this complaint, having in the meantime been transferred from the work farm to the St. Louis county jail at Duluth. He requested the assistance of counsel, and C. G. Anderson, who had acted as special judge of the municipal court in the charge of passing checks, was appointed as his attorney. Mr. Anderson represented him throughout the proceedings thereafter. Defendant appeared before the district court on August 13 upon an information charging him with burglary in the third degree. He stated to the court that he had ample opportunity to talk to his lawyer and that he understood what his rights were, and thereafter he entered a plea of guilty. A presentence investigation was ordered, and defendant again appeared before the district court on September 13, 1963. He was reminded by the court of the fact that he had already entered a plea of guilty and was asked if he had been coerced into doing so and whether it was still his desire to plead guilty, and he answered in the affirmative. He was given full opportunity to state whatever he wished to the court, and his attorney spoke in his behalf, outlining whatever facts there were in his favor. He was then sentenced by the court to an indeterminate sentence. The court requested in its impressions that if defendant's conduct was reasonably exemplary at the reformatory his incarceration be limited to one year.

Thereafter defendant began a pro se proceeding, claiming that he had been inadequately represented by counsel and that his constitutional rights had been violated. This court appointed new counsel to represent him. He perfected this appeal, and, upon petition of defendant prepared by his new counsel, the case was remanded to the trial court in order that a motion to permit him to withdraw his plea of guilty and be granted a new trial based upon claims now made could be considered. A full hearing was granted to defendant, in which he and his former attorney, C. G. Anderson, both testified at length. The trial court concluded that there had been no violation of defendant's constitutional rights and denied the motion.

Essentially only two questions are involved: (1) Did defendant re-

ceive adequate legal representation prior to his commitment? (2) Did a meeting in chambers between the court, the assistant county attorney, and defendant's counsel, which took place prior to the proceedings, violate defendant's rights to be present at all stages of the trial proceedings?

■ We have examined the record in this case, and a detailed discussion of the claims now made by defendant would be of no value to anyone. While we do not approve of the appointment of C. G. Anderson, who shortly prior to such service had sat in judgment upon defendant as a special municipal judge, we are confident that in this case Mr. Anderson conscientiously represented defendant to the best of his ability and that defendant's rights were as adequately protected as if Mr. Anderson had not prior thereto acted as such special municipal judge. Defendant was familiar with the fact that he had appeared before Judge Anderson in the municipal court. He voiced no objection to Anderson's appointment as his counsel, and he stated on several occasions that he had had ample opportunity to discuss the case with his counsel and knew what he was doing. Under the circumstances of this case we find no inadequacy of representation.

■ The only other question involves a discussion that took place between defendant's counsel, the assistant county attorney, and the court regarding some procedural matters prior to the arraignment of defendant. Such consultations are common in the field of criminal practice and usually involve only procedural matters that do not affect either the trial or appearance of defendant in the proceedings themselves. We would hesitate to hold that such conferences are contrary to Minn. St. 631.01[1] or violate any of defendant's constitutional rights. See, 37 Minn. L. Rev. 407; Snyder v. Massachusetts, 291 U. S. 97, 54 S. Ct. 330, 78 L. ed. 674, 90 A. L. R. 575; Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. ed. 969.

We have examined the entire record, and we are confident that de-

---

[1]Minn. St. 631.01, as far as material here, reads: "If the charge against the accused be a misdemeanor, the trial may be had in the absence of the defendant, if he shall appear by counsel; but, if it be for a felony or gross misdemeanor, he shall be personally present."

fendant in this case was deprived of no substantial constitutional rights or any other rights to which he is entitled.

Affirmed.

Mr. Justice Murphy took no part in the consideration or decision of this case.