STATE v. BOOKER T. TRIBBLET.

162 N. W. (2d) 121.

October 18, 1968—No. 41,129.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Manny Kopstein,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the district court finding defendant guilty of the crime of indecent assault.

Defendant claims the trial court erred in allowing two boys, ages 9 and 10 years, to testify and that the judgment of conviction is not sustained by evidence properly received.

■ Every person of sufficient understanding may testify in criminal proceedings (Minn. St. 595.02) provided that the testimony of children under 10 years of age who appear incapable of receiving just impressions of the facts may not be received. § 595.02(6). When an infant or a person of apparently weak intellect is produced as a witness, the court may examine him to ascertain his capacity and to determine whether he understands the nature and obligations of an oath. § 595.06. In State ex rel. Dugal v. Tahash, 278 Minn. 175, 177, 153 N. W. (2d) 232, 234, this court said:

"Determination of a person's competency as a witness is within the sound discretion of the trial court and is ordinarily made by such preliminary examination of the proposed witness as may be deemed necessary by the court. If it appears from the examination that the witness understands the obligation of an oath and is capable of correctly narrating the facts to which his testimony relates, the witness is competent in fact and should be permitted to testify."

Specific application of the rule to witnesses of tender years is to be found in State v. Norgaard, 272 Minn. 48, 136 N. W. (2d) 628.

District Court Judge Rolf Fosseen, assigned to try this case, did so, at defendant's request, without a jury. Examination of the record makes it very clear that he was mindful of the test of competency. His determination that the evidence of these witnesses should be received was a proper exercise of his discretion.

■ The evidence was sufficient to sustain the conviction. William Walker, 10, and his brother, Donald, 9, were washing clothes for their mother at a laundromat in north Minneapolis during the evening of April 11,1967, when a man described as having a mustache and beard, wearing dark glasses, a grey coat, and black trousers came upon them.

He induced William to leave the place. Donald, frightened, ran to his home and informed his mother. William testified that the assault occurred in a nearby alley. He reported to his mother, in part, what had transpired that night. Two days after the April 11 incident, the two boys identified defendant. Although one William Bromberg testified that defendant was present in his grocery store located at 718 South 5th Street in Minneapolis, approximately 2½ miles from the site of the alleged crime, at about the time the indecent assault occurred, we do not consider this "alibi" testimony compelling.

We recognize that experience cautions against conviction of sex crimes upon the uncorroborated testimony of the young and impressionable. State v. Spreigl, 272 Minn. 488, 139 N. W. (2d) 167; State v. Anderson, 272 Minn. 384, 137 N. W. (2d) 781. But in this case, we are satisfied that the judgment of conviction should be affirmed.

Affirmed.