**STATE of Minnesota, Appellant,**

v.

**Donald Marvil YAHNKE, Respondent.**

**No. C8–82–1062.**

Supreme Court of Minnesota.

July 15, 1983.

Rehearing Denied Aug. 17, 1983.

Hubert H. Humphrey III, Atty. Gen., St. Paul, R. Kathleen Morris, County Atty., Shakopee, for appellant.

Jaspers Moriarty and Walburg and Dennis P. Moriarty, Shakopee, for respondent.

KELLEY, Justice.

The state appeals, pursuant to Minn.R. Crim.P. 29.03, from orders of the district court suppressing evidence and dismissing the prosecution of two criminal complaints against defendant. The trial court suppressed evidence, including live testimony by victims of defendant's alleged misconduct, on the ground that it was the fruit of an illegal warranted search. We hold that the trial court erred in concluding that the search was illegal. We therefore reverse and remand for trial.

While this appeal was pending, the United States Supreme Court, in *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), discarded the so-called "two-pronged *Aguilar* test" [1] in favor of the totality-of-the-circumstances analysis that has traditionally informed probable cause determinations. Although the Court abandoned the *Aguilar* test as a rigid test, the Court noted that the elements under the test—the informant's credibility, reliability and basis of knowledge—are elements that still bear on the issue of whether there is probable cause to believe that evidence is located in a particular place. Even if the Court had not decided the *Gates* case as it did, we still would hold that the affidavit accompanying the application for the search warrant in this case was adequate. The affidavit established that the informants, two teenage girls, obtained their information in a reliable manner (namely, through first-hand observation) and established their reliability on this occasion (their declarations were against their penal interests and their information was corroborated in a number of ways).[2] *See State v. Wiberg,* 296 N.W.2d 388 (Minn.1980).

As to the general issue of suppressing live witness testimony as the fruit of an illegal arrest or search, *see United States v. Ceccolini,* 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978). Here we are not faced with that issue because we conclude that the search was legal. Therefore it is clear that the trial court erred in suppressing such evidence on this ground.

With respect to district court file number 81–12348–12351, we believe that a determination of the alleged victim's competency as a witness should be made in accordance with principles expressed in *State v. Tahash,* 278 Minn. 175, 177, 153 N.W.2d 232, 234 (1967) and in 11 P. Thompson, Minnesota Practice, Evidence § 601.01 (1979).

Reversed and remanded for trial.

---

1. *See Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *State v. Wiberg,* 296 N.W.2d 388 (Minn.1980).

2. The police affiant made no attempt to establish that the informants were so-called citizen informers, although it appears from the record of the omnibus hearing that the officer possibly could have done so.

Defendant is awarded attorney fees in the amount of $400 pursuant to Minn.R. Crim.P. 29.03, subd. 2(8).