**Lawrence Donald MOLL, Petitioner-Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C9–83–1629.

Court of Appeals of Minnesota.

June 5, 1984.

640

C. Paul Jones, Minn. State Public Defender, Robert D. Goodell, Asst. State Public Defender, University of Minnesota, Minneapolis, for petitioner-appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, W.M. Gustafson, Nicollet County Atty., St. Peter, for respondent.

Considered and decided en banc by POPOVICH, C.J., and PARKER, FOLEY, WOZNIAK, SEDGWICK and LANSING, JJ.

## OPINION

PARKER, Judge.

Lawrence Donald Moll was convicted on two counts of criminal sexual conduct in the second degree. He appeals from an order denying his petition for post conviction relief. Appellant claims the trial court committed reversible error by including the unconstitutional statutory language of Minn.Stat. § 609.341, subd. 11 (1980), in the jury instructions. Appellant claims further that the trial court committed reversible error by excluding appellant and appellant's attorney from a preliminary chambers examination where the competency of two child witnesses was determined. Appellant also claims the trial court's departure from the Minnesota Sentencing Guidelines was improper. We reverse and remand.

## FACTS

On September 10, 1981, C.S.'s babysitter, Judy Hagen, brought C.S., age four, to appellant's home in a St. Peter, Minnesota, trailer park. Hagen, 21, lived with C.S. and C.S.'s father, J.S., in the same trailer park as appellant. According to Hagen, C.S. played and then took a short nap. During C.S.'s nap, Hagen and appellant had sex together. Hagen testified (1) that after C.S. woke up, appellant placed his penis between C.S.'s legs, (2) touched her arm with his penis, (3) that C.S. started crying and hit appellant, and (4) that she was too upset to take any action while the sexual contact was taking place.

That evening, the father was driving with C.S. to visit relatives when she said "Larry kissed me with his bic." In C.S.'s vocabulary, "bic" meant penis and "beeper" meant vagina. After J.S. stopped the car to inquire further, C.S. said that appellant had "kissed" her with his "bic". Later that night, C.S. gave further details. She said appellant had placed his penis between her legs and under her arms and that she hit appellant and started to cry. Her father called the St. Peter police who interviewed C.S. C.S. repeated her story and added that appellant had been wearing only pink underwear that day.

N.P., age six, lived in a trailer home near appellant. She and her older brother visited appellant's home on numerous occasions and would play games and color. On September 11, 1981, N.P.'s mother noticed that her daughter was afraid to go near appellant's trailer home. Later, N.P.'s mother learned that N.P. had been walking to her friend's trailer, became scared to the point of shaking, and ran home.

On September 13, N.P.'s mother asked her if anything had happened at appellant's trailer. At first, N.P. denied that anything had happened. But when her mother told N.P. they were going to the doctor and that the doctor would know if she was telling the truth, N.P. admitted that appellant had put his hand inside her underpants and touched her private parts. N.P.'s mother immediately contacted the St. Peter police who interviewed N.P. N.P. repeated her story and said that this also had happened in May.

At trial, both C.S. and N.P. were permitted to testify. Prior to their testimony, the trial judge interrogated in chambers each child to determine competency to testify. Appellant, his counsel and the prosecutor were excluded. The trial judge asked questions designed to determine if each child knew the difference between the truth and a lie, but did not ask either child to relate the facts about which they would be testifying. The court found both children competent to testify.

As part of the jury instructions, the trial judge quoted Minn.Stat. § 609.341, subd. 11 (1980), stating "sexual contact includes any of the following acts, if the acts can be reasonably construed as being for the purpose of satisfying the actor's sexual or aggressive impulses." The jury returned a verdict of guilty on two counts of criminal sexual conduct in the second degree. Appellant was acquitted on a third count.

At sentencing, the trial court chose to depart from the sentencing guidelines, which would have imposed a sentence of two consecutive 21-month terms stayed. Instead, the trial court imposed a sentence of 42 months executed. Appellant is currently incarcerated at the Stillwater correctional facility.

## ISSUES

1. Did the trial court commit reversible error by including the unconstitutional language of Minn.Stat. § 609.341, subd. 11, in the jury instructions?

2. Did the trial court commit reversible error by excluding appellant and his attorney from the preliminary chambers examination to determine the competency of two child witnesses?

3. Was the trial court's departure from the Sentencing Guidelines proper?

## DISCUSSION

### I

#### Instructions

In his jury instructions, the trial judge included the unconstitutional language of Minn.Stat. § 609.341, subd. 11 (1980), which states, " 'Sexual contact' includes any of the following acts, if the acts can reasonably be construed as being for the purpose of satisfying the actor's sexual or aggressive impulses."

In *State v. Tibbetts*, 281 N.W.2d 499 (Minn.1979), the Minnesota Supreme Court held that inclusion of Minn.Stat. § 609.341, subd. 11, in the jury instructions "obscured and diluted the time-honored rule that in a criminal case the state must prove all facts beyond a reasonable doubt * * *." *Id.* at 500; *See also State v. Bicknese*, 285 N.W.2d 684 (Minn.1979).

The instructions in this case are remarkably similar to those in *Tibbetts*. Although no objection was made at trial, the express mandate of *Tibbetts* was overlooked. This constitutes plain error reviewable by this court. Minn.R.Crim.P. 31.02 (1984); *State v. Malaski*, 330 N.W.2d 447 (Minn.1983); *Cf. State v. LaForge*, 347 N.W.2d 247 (Minn.1984). Under *Tibbetts*, the defendant was denied due process and thus he is entitled to a new trial.

### II

#### Attendance at the Preliminary Chambers Examination

The trial court reasoned that because appellant's counsel would not be permitted to participate in the competency examination, there was no need for his presence. In addition, the trial court did not want the two young sexually abused children to be

unnecessarily frightened by a formal proceeding.

A. Because this appears to be a question of first impression in Minnesota, we take the opportunity to spell out the following principles for the guidance of trial courts.

■ 1. The competency determination is one peculiarly committed to the trial court's discretion. Thompson, *Minnesota Practice, Evidence*, § 601.01 (1979), citing Rule 104(a), "[p]reliminary questions concerning the qualification of a person to be a witness * * * shall be determined by the court * * *." See *State v. Amos*, 347 N.W.2d 498, 501 (Minn.1984); *State ex rel. Dugal v. Tahash*, 278 Minn. 175, 153 N.W.2d 232 (1967); *See also People v. Byrnes*, 33 N.Y.2d 343, 352 N.Y.S.2d 913, 308 N.E.2d 435 (1974).

■ The concurrence implies that the defendant had a "right" to examine the children on the competency question. We do not agree that this is the law in Minnesota. Minn.Stat. § 595.06 (1982) provides that "When an infant * * * is produced as a witness, the *court* may examine him to ascertain his capacity, * * * and the *court* may inquire * * * what peculiar ceremonies he deems most obligatory in taking an oath." See *State ex rel. Dugal v. Tahash*, 278 Minn. 175, 177, 153 N.W.2d 232, 234 (1967). *See also State v. Berry*, 309 N.W.2d 777 (Minn.1981); *State v. Tribblett*, 281 Minn. 505, 162 N.W.2d 121 (1968). Many children are intimidated in the courtroom environment; the problem would be heightened if defendants had a "right" to interrogate them in a competency examination.

The concurrence also points out that the jury may be alienated by the defense posing competency questions if excluded from the preliminary chambers examination. This ignores the ability of trial counsel to ask delicate questions probing a witness' capacity for memory and perception. Effective trial advocates understand the techniques needed to probe a witness' testimony concerning intimate details. This is an inherent problem with any testimony of a sexual nature.

2. Typically, the trial judge holds a preliminary examination and this may be done in chambers. *Amos*, 347 N.W.2d at 501. The interrogation of the prospective witness should be done by the trial court and must be on the record.

■ 3. The standard of competency to be tested by the court for a child witness under age ten in a sex abuse case is one "who is able to describe or relate in language appropriate for a child of that age the events or facts respecting which the child is examined." Minn.Stat. § 595.02(6) (1982). Thus, the trial court has broad discretion as to the type of question to be put to the child during this preliminary examination, but should not elicit from the child the anticipated testimony concerning the alleged offense, recognizing the suggestibility of young children.

■ 4. We express a strong preference for attorneys for the parties to be present during the in-chambers examination unless the court should determine, in the exercise of sound discretion, that the presence of counsel might be intimidating to the child or otherwise interfere with the ability of the child to communicate.

■ 5. If counsel are excluded from the examination in chambers, the court must set forth the reasons for doing so either on the record or by separate order. It is possible for the trial court, in its discretion, to make certain physical arrangements which would avoid any appearance that the preliminary chambers examination was being used to prejudice the defendant's rights to fair trial. For example, counsel could listen in on the court's interview by waiting in an anteroom with the door left open; counsel also could listen through the use of electronic equipment. A videotape with closed-circuit viewing is also an option.

This "preliminary chambers examination" (as termed in *Amos*, 347 N.W.2d at 501) is not viewed as a stage of the trial or proceeding at which the defendant has a right to have counsel present. "The Sixth

Amendment is not so inflexible as to require the presence of counsel when that presence would destroy the character of the proceeding, especially in light of minimal prejudice to the defendant." *Smith v. Estelle,* 445 F.Supp. 647, 661 (N.D.Tex. 1977). Reserving some discretion to the trial court to exclude counsel does not interfere with defendant's right of confrontation because if the court determines the child is competent to testify, defendant will be present in the courtroom with the full right of cross examination. Nonetheless, in view of the foregoing, the presence of counsel at the preliminary chambers examination must not be lightly or customarily denied. We are mindful of the concerns of the concurring opinion and agree that a balance must be struck between the protection afforded a child sex abuser and the child victim. In light of the increased awareness of the problems of sexual abuse of children, we are concerned about any procedural devices which may inhibit their testimony. Children of sexual abuse have enough difficulty testifying in open court without the added burden the concurrence would require. We believe the burden of young sex victims should be made lighter, not more onerous, not only to ensure that sex abusers are fully prosecuted, but to aid in the victims' recovery from this traumatic experience.

 B. The trial court also barred the defendant from the competency examination. In Minnesota, a defendant has the right to be present at "every stage of the trial." Minn.R.Crim.P. 26.03, subd. 1(1) (1984); *see also* Minn.R.Crim.P. 11 (1984). A defendant's constitutional right to be present exists, however, only "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934) (Cardozo, J.). Recently, the Court

stated that a defendant has a right to be present where his absence might frustrate the fairness of the proceedings. *Faretta v. California,* 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 2533 n. 15, 45 L.Ed.2d 562 (1975). *See also State v. Grey,* 256 N.W.2d 74, 76 (Minn.1977). A defendant does not have the right to attend proceedings "when [his] presence would be useless, or the benefit but a shadow." *Snyder,* 291 U.S. at 106–07, 54 S.Ct. at 332–33. *U.S. v. Gunter,* 631 F.2d 583, 589 (8th Cir.1980) (in-chambers conference on question of law not a stage of trial); *Cox v. U.S.,* 309 F.2d 614, 616 (8th Cir.1962) (no right of defendant to attend chambers conference dealing with ruling on matter of law); *see also State v. Farrar,* 271 Minn. 330, 332, 136 N.W.2d 68, 70 (1965) (defendant had no right to attend discussion of procedural matter between judge, prosecutor, and defendant's attorney); *Foster,* 318 N.W.2d 176, 179 (Iowa 1982) (pretrial proceedings involving questions of law not a stage of trial requiring defendant's presence).

 We conclude that the criminal defendant himself does not have the right to attend the chambers examination held to determine the competency of child witnesses.[1] *People v. Breitweiser,* 38 Ill.App.3d 1066, 349 N.E.2d 454, 455–56 (1976); *State v. Ritchey,* 107 Ariz. 552, 490 P.2d 558 (1971). The presence of a defendant would serve no purpose other than to intimidate the child because the form of inquiry at a competency hearing is within the sound discretion of the trial judge. *State ex rel. Dugal v. Tahash,* 278 Minn. 175, 177, 153 N.W.2d 232, 234 (1967); *accord State v. Yahnke,* 336 N.W.2d 299 (Minn.1983); *State v. Johnson,* 256 N.W.2d 280 (Minn. 1977); *State v. Tribblet,* 281 Minn. 505, 162 N.W.2d 121 (1968); *State v. Norgaard,* 272 Minn. 48, 136 N.W.2d 628 (1965).

---

1. We are not unmindful of *State v. Cermak,* 350 N.W.2d 328 (Minn.1984), in which the Supreme Court held that a valid waiver of such right as the defendant had to be present did not indicate incompetence of counsel. Inasmuch as the point discussed here was neither directly addressed by the court, nor apparently briefed by counsel, we regard the court's characterization of defendant's "constitutional right to be present" as dictum.

## DECISION

The jury instruction which included unconstitutional language of Minn.Stat. § 609.341, subd. 11, was reversible error under *Tibbetts*. The trial court could properly exclude appellant from the preliminary chambers examination, but counsel should be permitted to attend unless the court finds that their presence will likely intimidate the child or interfere with the child's ability freely to communicate. We need not address appellant's contention that he was improperly sentenced.

Reversed and remanded.

POPOVICH, Chief Judge, concurring specially.

I concur with the majority opinion regarding the jury instructions given by the trial judge. I would go further than the majority and hold a defendant has the constitutional right to be present and be represented by counsel at in camera proceedings to determine the competency of child witnesses.

### I

#### Appellant's Presence

In Minnesota, a defendant has the right to be present at "every stage of the trial." Rule 26.03, subd. 1(1), Minn.R.Crim.P.; *see also* Rule 11, Minn.R.Crim.P. Rule 26.03 implements the due process requirement that a defendant be present whenever his presence has a substantial relation to his opportunity to defend himself or whenever his substantial rights may be affected by the proceedings. *Snyder v. Massachusetts*, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934); *Hopt v. Utah*, 110 U.S. 574, 579, 4 S.Ct. 202, 204, 28 L.Ed. 262 (1883). A defendant's constitutional right to be present at hearings to determine the competency of child witnesses was recognized by the Minnesota Supreme Court when it stated:

> Appellant further claims that his counsel waived his right to be present at an in camera competency hearing of some of the non-family child witnesses. The

record shows the appellant was clearly informed by his privately-retained counsel and by the trial court of his constitutional right to remain at that in camera hearing, and he, with full knowledge, voluntarily waived the right. With respect to in camera hearings concerning the competency of other child witnesses, appellant exercised his constitutional right to be present.

*State v. Cermak*, 350 N.W.2d 328, 332 (Minn.1984).

The determination of whether the child witnesses could testify affected the substantial rights of the appellant. Had the trial court determined the children were not competent, there may have been no trial. Appellant had a "constitutional right to be present" at the competency hearing. *State v. Cermak*, 350 N.W.2d 328, 332 (Minn.1984).

### II

#### Presence of Counsel

1. A defendant has the right to be represented by counsel at every "critical stage" of the proceedings. Whether a hearing to determine the competency of child witnesses is a critical stage of the proceedings is a question of first impression in Minnesota. The United States Supreme Court held that critical stages are those stages where absence of counsel may prejudice an accused's right to a fair trial. *United States v. Wade*, 388 U.S. 218, 226, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967). In applying this standard, the Court has held that a preliminary hearing and arraignment are critical stages. *See Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) (preliminary hearing); *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) (arraignment).

In this case, the trial court's in camera examination of the children was very limited. The absence of counsel prejudiced appellant's rights by precluding a proper and complete examination of the children to determine their competency. Other juris-

dictions, including Minnesota, appear to assume that counsel has the right to be present at these hearings. *See State v. Cermak*, 350 N.W.2d 328, 332 (Minn.1984); *see also State v. Ritchey*, 107 Ariz. 552, 490 P.2d 558 (1971); *State v. Breitweiser*, 38 Ill.App.3d 1066, 349 N.E.2d 454, 456 (1976). *State v. Singh*, 586 S.W.2d 410 (Mo.App. 1979).

2. The Minnesota Rules of Criminal Procedure adopt the position that defense counsel has the right to be present at every proceeding after defendant's initial appearance and requires the trial court to advise a defendant of the "right to counsel in all subsequent proceedings." Rule 5.01(b), Minn.R.Crim.P. The presence of counsel at hearings to determine the competency of child witnesses is required under this rule.

3. Commentators have also concluded that counsel must be present during the voir dire of a witness. Professor Wigmore, for example, states:

The examination of a *child*, however, is made usually by the *judge;* though either counsel has of course the right to supplement it by questions tending to bring out whatever may be in favor of his contention.

6 Wigmore, *Evidence*, § 1820 (Chadbourn Rev.1979); *see also* B. Morasco, *Prosecution and Defense of Sex Crimes* § 9.03[3] (1983).

## III

### *Appearance of Fairness*

Society has recently become more aware of the sexual abuse of children. Minnesota Statutes § 595.02(6), which permits child abuse victims to testify in criminal cases, is a prime example of society's demand that child abusers be held responsible for their despicable conduct.

At the same time, a defendant's right to a defense and a trial court's duty to remain impartial are fundamental principles equally well-established. The trial court's desire to protect the two child witnesses from undue pressure was commendable, but:

[G]ood intentions do not alone fulfill constitutional requirements. Before the state can seek to imprison a man for criminal conduct, the constitution requires that he be given not only a fair trial but a trial that, from a reasonably objective viewpoint, has every appearance of fairness.

*State v. Grey*, 256 N.W.2d 74, 77 (Minn. 1977); *see also ABA Standards for Criminal Justice, Special Functions of the Trial Judge* § 6–1.1(a) (1980) (trial judge has duty to safeguard rights of accused and interests of public).

By excluding appellant and his counsel from the competency hearing, the trial judge forced the defendant to either waive the right to examine the children on those issues or risk alienating the jury by asking questions necessary to determine the children's competency.

The effect of this error is reflected in the children's testimony. The four-year-old witness, C.S., was completely led during direct examination. Her testimony was self-contradictory at best, and she stated several times that she didn't remember the incident. On cross-examination, she denied defendant touched her and stated "I don't remember none of this stuff." The six-year-old, N.P., was more spontaneous on direct examination than the four-year-old. On cross-examination, however, N.P. stated she did not know what a lie was. *See State v. Cermak*, 350 N.W.2d 328, 331–332 (Minn.1984); *see also* Rule 603 Minn.R. Evid. (requiring witness to be aware of duty to testify truthfully). The children probably should not have been allowed to testify. *Compare State v. Amos*, 347 N.W.2d 498, 501 (Minn.1984) (similar testimony; "It would have been better, we think, if the trial court had not allowed the child to testify.").

## IV

A defendant has the right to attend hearings to determine the competency of witnesses. Attendance of counsel at the competency hearings ensures the proceeding is conducted properly and that all relevant

factors regarding competency are explored. The trial court has broad discretion in determining the competency of child witnesses. A separate competency hearing need not be held, but if held the defendant and defense counsel have the right to be present. The trial court may require counsel to submit their voir dire questions through the court to minimize the perceived threat of intimidation. A defendant may also waive the right to be present. Rule 26.03(1)(2), Minn.R.Crim.P. The trial judge must remain impartial, however, and the task of preparing child witnesses for the courtroom is properly left to the prosecution.