STATE of Minnesota, Respondent,

v.

James CARVER, Appellant.

No. C5-85-711.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Review Denied March 27, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Ramsey Co. Atty., Darrell C. Hill, Asst., St. Paul, for respondent.

Douglas Thomson, Deborah Ellis, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., LESLIE and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant James Carver was convicted by a Ramsey County District Court jury of three counts of first degree criminal sexual conduct, Minn.Stat. § 609.342, (a) (Supp. 1985), and four counts of second degree criminal sexual conduct, Minn.Stat. § 609.-343, (a) (Supp.1985). Carver contends the trial court abused its discretion when it found two children competent to testify and that the procedures used to determine competency were improper. Carver further contends that the trial court erred in admitting hearsay statements under Minn. Stat. § 595.02, subd. 3 and that his right to confront witnesses was violated. Carver also raises sufficiency of evidence and sentencing issues.

## FACTS

Carver was charged on November 6, 1984 with seven crimes allegedly committed August 23, 1984 in his garage in West St. Paul:

I. Second degree criminal sexual conduct with R.K., age 5;

II. First degree criminal sexual conduct with M.A.W., age 5;

III. Second degree criminal sexual conduct with M.A.W.;

IV. First degree criminal sexual conduct with M.M.W., age 2;

V. Second degree criminal sexual conduct with M.M.W.;

VI. First degree criminal sexual conduct with C.C., age 3; and

VII. Second degree criminal sexual conduct with C.C.

Carver was arrested on August 26, 1984 and advised of his *Miranda* rights. He told the arresting officer that he had been in Little Falls since August 22nd but later told a police investigator that four children were playing in his yard, but were never in his house or garage.

The state sought trial testimony from M.A.W. and R.K., both age five, and C.C., age three. The trial court, with both counsel and defendant present, conducted a preliminary examination of the children in the absence of the jury to determine if they were competent to testify. The prosecutor also questioned the children, but defense counsel was only allowed to submit written

questions through the court. The court found that only the two five-year-olds, M.A.W. and R.K., were competent to testify.

The prosecution offered the testimony of a doctor who had examined the children and concluded that they had been sexually abused. She reported various statements made in the course of her examination and questioning of the children. Only a few brief statements were made by C.C. and M.M.W., the youngest children. The state also offered testimony by the mother of M.A.W. and M.M.W. that they once said that appellant had orally penetrated them. The record does not disclose any of the circumstances surrounding this initial allegation of sexual penetration. Defense counsel objected to the testimony on the grounds of hearsay and stated that Minn. Stat. § 595.02 was unconstitutional.

The trial court admitted the testimony of the doctor and the mother under Minn.Stat. § 595.02, subd. 3. By the time this ruling was placed on the record they had already testified, the state had rested, and appellant had decided to testify. The court stated that the two witnesses were "reliable persons" and found that:

the time, content, and circumstances of the statement and the reliability of the person to whom the statement is made provide sufficient indicia of reliability.

Carver testified that he saw the four children in the alley by his garage and they asked if they could see his turtle. Carver refused and the children got mad and called him gay. Carver said that he made "a mistake" when he told the police he was out of town; he denied any sexual activity with the children.

The jury found Carver guilty on all seven counts. Carver's motion for a new trial was denied and he was sentenced as follows:

Count II: 43 months executed.

Count IV: 43 months executed to be served consecutive to the sentence on Count II.

Count VI: 65 months to be served concurrently with previous sentences.

Count I: 34 months to be served concurrently.

Carver's convictions on the three lesser included offenses (counts III, V, and VII) were vacated.

### ISSUES

1. Did the trial court abuse its discretion when it found two five-year-old children competent to testify?

2. Did the trial court err in admitting hearsay statements under Minn.Stat. § 595.02, subd. 3?

3. Was the evidence sufficient to support appellant's convictions?

### ANALYSIS

### I

In Minnesota, every person of sufficient understanding may testify in a criminal proceeding. *See* Minn.Stat. § 595.02, subd. 1 (1984). Several exceptions include:

children under ten years of age, if [they] lack capacity to remember or to relate truthfully facts respecting which they are examined, are not competent witnesses. A child describing any act of sexual contact or penetration performed on or with the child by another may use language appropriate for a child of that age.

Minn.Stat. § 595.02, subd. 1(f) (1984).

Determination of witness competency rests in the discretion of the trial judge whose finding will not be reversed unless it is a clear abuse of discretion. *State v. Cermak,* 350 N.W.2d 328, 332 (Minn.1984); *State v. Amos,* 347 N.W.2d 498, 501 (Minn. 1984).

Carver contends that the trial court abused its discretion when it found R.K. and M.A.W. competent to testify without examining them on the substance of their trial testimony. We disagree. The language of the statute contemplates only that the child be able to "relate truthfully facts respecting which they are examined." Minn.Stat. § 595.02, subd. 1(f) (1984). The

trial court, in cases of this nature, "should not elicit from the child the anticipated testimony concerning the alleged offense, recognizing the suggestibility of young children." *Moll v. State*, 351 N.W.2d 639, 643 (Minn.Ct.App.1984).

■ The trial court, the prosecutor, and defense counsel examined the children on various factual matters. The court evaluated their responses and concluded that R.K. and M.A.W. were competent to testify. The statute does not require more.

■ Carver also challenges the procedures used at the competency hearing, contending that the trial court erred by permitting the prosecutor to examine the children and limiting defense counsel to written questions.

This court has set forth in detail the procedures to be used at competency hearings. *See Moll*, 351 N.W.2d at 643–45. Here the defendant's role at the hearing clearly exceeded the minimum participation by a defendant recommended in *Moll*.

## II

Minn.Stat. § 595.02, subd. 3 provides that:

An out-of-court statement made by a child under the age of ten years * * * alleging, explaining, denying, or describing any act of sexual contact or penetration performed with or on the child by * * * another, not otherwise admissible by statute or rule of evidence, is admissible in evidence if:

(a) the court or person authorized to receive evidence finds, in a hearing conducted outside of the presence of the jury, that the time, content, and circumstances of the statement and the reliability of the person to whom the statement is made provide sufficient indicia of reliability; and

(b) the child * * * either:

(i) testifies at the proceedings; or

(ii) is unavailable as a witness and there is corroborative evidence of the act; and

(c) the proponent of the statement notifies the adverse party of his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which he intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement.

Minn.Stat. § 595.02, subd. 3 (Supp.1985). Subdivision 3 was added in 1984. *See* 1984 Minn.Laws ch. 588, § 5. The statute is a legislative enactment of an exception to the hearsay rule. See Minn.R.Evid. 802.

Here the trial court specifically relied on Minn.Stat. § 595.02, subd. 3 in admitting hearsay statements made by all four children to a doctor and the mother of two of the children. The statute requires that the trial court hold a hearing and make different findings depending on whether a child is available or unavailable as a witness. *See* Minn.Stat. § 595.02, subd. 3. Two of the children, M.A.W. and R.K., testified at trial; C.C. was found incompetent to testify and the state did not offer the testimony of M.M.W., the youngest child.

### A. *Statements by M.A.W. and R.K.*

■ When a child is available as a witness, the trial court may admit his or her hearsay statements if it finds that the time, content, and circumstances of the statement and the reliability of the person to whom the statement is made provide "sufficient indicia of reliability." Minn. Stat. § 595.02, subd. 3(a). Our review of the record has convinced us that the trial court properly admitted the statements made by these two children because their trial testimony was largely consistent with their earlier statements and Carver had an opportunity to cross-examine them. This court has upheld the admission of similar hearsay statements under Minn.R.Evid. 803(24). *See D.A.H. v. G.A.H.*, 371 N.W.2d 1, 3–4 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Sept. 19, 1985); *In re M.N.D. v. B.M.D.*, 356 N.W.2d 813, 818 (Minn.Ct.App. 1984).

However, the trial court's apparent failure to hold a hearing before the admission of the hearsay testimony is troublesome. The court made a ruling that the hearsay was admissible only after Carver had decided to take the stand, long after D.W. and Dr. Levitt had testified.

■ The statute conditions the admissibility of a child's hearsay statement on a finding of sufficient indicia of reliability. *See* Minn.Stat. § 595.02, subd. 3(a). This statutory requirement, together with the obvious danger of unfair prejudice to the defendant if hearsay testimony is later found inadmissible, mandates that a hearing be conducted before such testimony is presented to the jury. However, the trial court's failure to first hold the required hearing was not reversible error, because these hearsay statements were clearly admissible under the statute.

B. *Statements by M.M.W. and C.C.*

■ When a young child is unavailable as a witness, additional statutory requirements must be met before that child's hearsay statements are admissible. The trial court must find the same indicia of reliability that render the statement trustworthy. Minn.Stat. § 595.02, subd. 3(a). There must also be "corroborative evidence of the act". Minn.Stat. § 595.02, subd. 3(b)(ii).

■ We cannot say that the hearsay statements made by C.C. and M.M.W. bore sufficient indicia of reliability. The statements were not made immediately after the incident. The doctor did not interview the two younger children separately. C.C. did not indicate that any sexual penetration had occurred until the doctor asked him if appellant had put his penis in any of the children's mouths. C.C. was later found incompetent to testify at trial. M.M.W., the youngest child, made only a single statement to her mother and the circumstances surrounding her statement are unknown. All these factors, considered together, indicate that these statements were not reliable enough to be admitted under the statute.

Here the trial court found only that "there was considerable corroborative evidence" but our review of the record discloses scant corroboration. The court did little more than recite the elements of Minn.Stat. § 595.02, subd. 3 and made no specific findings in making its decision. The statements by M.M.W. and C.C. were only made on one occasion and there was no evidence that the behavior of either child was affected by the incident. *See M.N.D.*, 356 N.W.2d at 818.

We accordingly hold that the trial court abused its discretion in admitting hearsay statements of the two children who did not testify.

**III**

In reviewing a claim of insufficiency of the evidence, we are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged. We cannot retry the facts, but must take the view of the evidence most favorable to the state and must assume that the jury believed the state's witnesses and disbelieved any contradictory evidence. If the jury, giving due regard to the presumption of innocence and to the state's burden of proving the defendant's guilt beyond a reasonable doubt, could reasonably have found the defendant guilty, that verdict will not be reversed.

*State v. Turnipseed*, 297 N.W.2d 308, 313 (Minn.1980) (citations omitted). Corroboration of the testimony of a complainant in sex crime offenses is not required. Minn. Stat. § 609.347, subd. 1 (1984), *State v. Heinzer*, 347 N.W.2d 535, 538 (Minn.Ct. App.1984), *pet. for rev. denied* (Minn. July 26, 1984).

Carver was convicted of three counts of first degree criminal sexual conduct, which required that the state prove "sexual penetration" beyond a reasonable doubt. *See* Minn.Stat. § 609.342 (Supp.1985). The state contends that Carver put his penis in the mouths of M.A.W., M.M.W., and C.C.,

which constitutes sexual penetration. *See* Minn.Stat. § 609.341, subd. 12 (1984).

■ The admissible hearsay statements by R.K. and M.A.W. regarding appellant's sexual penetration of C.C. and M.M.W. were contradicted by their trial testimony. The only positive evidence that the jury could have relied on in finding Carver guilty on counts IV and VI had to be the hearsay statements we have already held inadmissible. Those convictions are accordingly reversed.

■ There was sufficient evidence for the jury to reasonably convict appellant on count II (sexual penetration of M.A.W.) and count I (sexual contact with R.K.). M.A.W. testified that appellant had sexually penetrated her. That alone is sufficient evidence of guilt. *See* Minn.Stat. § 609.-347, subd. 1 (1984); *Heinzer*, 347 N.W.2d at 538. R.K. testified that appellant removed all the children's pants and underwear. This was corroborated by M.A.W. and two other witnesses, who later saw C.C. carrying his underwear. R.K. told the doctor that appellant had touched him, and M.A.W.'s testimony confirmed that fact. Appellant's convictions on counts I and II are affirmed.

Because of our decision we need not address appellant's sixth amendment claim. Appellant has also challenged his sentence. Because we reverse two of his convictions, we remand to the trial court for re-sentencing in accordance with the Minnesota Sentencing Guidelines.

## DECISION

The trial court properly determined that two children were competent to testify. Hearsay statements by two other children who did not testify were improperly admitted. Appellant's convictions on counts IV and VI are reversed because there was insufficient non-hearsay evidence to support the jury's verdicts; his other convictions are affirmed.

Affirmed in part, reversed in part, and remanded for resentencing.